**F I L E D**

CLERK, U.S. DISTRICT COURT

4/17/25

CENTRAL DISTRICT OF CALIFORNIA

BY: _____ V. Figueroa _____ DEPUTY

GARY S. HANN, pro se
Plaintiff
yragnnah@gmail.com
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

|  |  |
|---|---|
| GARY S. HANN, | Case No. 5:25-cv-00165-CBM-SHKx |
| PLAINTIFF, | JUDGE: HON. FERNANDO M. OLGUIN |
| VS. | MAGISTRATE JUDGE: SHASHI H. KEWALRAMANI |
| Christopher Compton and Donna Compton | ANSWER TO THE COURT'S ORDER TO SHOW CAUSE |
| Defendants. | JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO THE COURT'S ORDER TO SHOW CAUSE**

**PLAINTIFF HANN'S DECLARATION:**

1.   Plaintiff is 100% permanently disabled, as of his Physician's declaration of 2002.

1

2.  Plaintiff Hann is a pro-se frail, nearly 76 year old gent who lives quietly in the Coachella Valley, and would find great difficulty in personally delivering documents or attending hearings in Riverside, the very much less in massively crowded downtown Los Angeles.

3.  Plaintiff's meager retirement income includes a small tract home in Michigan, the title of which has been challenged fraudulently for quiet title, requiring his complete attention since being served process in early January, 2025, taking and sapping a massive amount of his time.

4.  Plaintiff suffered a sudden, traumatic and horrific partnership breakup, with Sheriffs becoming involved and resulting in the incarceration of his partner, who has since vanished from the face of the earth.

5.  Plaintiff suffered from very ill health and sleeplessness for about a month in February-March, 2025.

6.  Plaintiff felt it necessary to file a First Amended Complaint prior to service of process, which took some time accessing the appropriate level of detail.

7.  During this period, the Court found it apt to deny Plaintiff electronic filing, despite that it was quickly granted by the initial Judge in this case; Plaintiff was unaware of, and not notified that, his privilege was revoked.

2

8.   Plaintiff has been quickly granted electronic access by at least seven other federal judges, and used it perfectly efficiently and without any problems whatever.

9.   For about 3 intensive weeks, Plaintiff was researching the numerous businesses of the two Defendants, both attorneys, in an attempt to divine their home address, for service of process pursuant to the Federal Rules, or even the apparent Texas rules.

10.  During this address/contact ordeal, Plaintiff discovered multiple businesses, which had evolved to purely online activity.

11.  Defendants are savvy, and have seemingly avoided any mention of home address, which has suddenly migrated through Oklahoma, and apparently just landed in Omaha, NE, where their legal practice has apparently settled.

12.  Neither Texas, nor Oklahoma, nor Nebraska reveal home addresses on their bar credentials.

13.  Plaintiff went so far as to research voter rolls, but gaining entry requires knowledge of the birth date of Defendants, which Plaintiff could not be found.

14.  Plaintiff was laying the ground work for a Motion for Alternate Service, but was first contemplating informal contact for immediate settlement purposes, or sending a 30-Day Waiver to their Compton & Compton law office.

15.  Plaintiff has formulated extensive notes on this process, and believes he has been as diligent as possible under the various and mostly unseen events of the past three months.

16.  Finally, and likely dispositively, Plaintiff received a new Summons for his First Amended Complaint, on April 15, 2025.

April 17, 2025

Served today by E-mail on the Office of the Honorable Fernando M. Olguin.

*Gary S. Hann*

17.  The Supreme Court, and this 9th Circuit, have clearly and repeatedly directed all Courts to be lenient and accommodating vis a vis pro se filers.

18.  Your Honor, I as a disabled and aged Senior, believe that my Declaration exhibits the most diligent of effort, in the face of highly difficult and extenuating circumstances, including but limited to the Court's unusual denial of electronic filing, which I again request.

19.  Therefore, I urge the Court to adhere to the fresh Summons for the First Amended Complaint, and allow this case to continue to fruition, which may end privately with a settlement outside this docket.

April 17, 2025

*Gary S. Hann*