UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 25-0165 FMO (SHKx)** | Date | **May 14, 2025** |
|---|---|---|---|
| Title | **Gary S. Hann v. Christopher Compton, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Re: Ex Parte Application for Alternative Service

    The court has reviewed plaintiff's Ex Parte Application for Alternative Service & Extension of Time (Dkt. 22, "Ex Parte").  The court previously granted plaintiff an extension of time to effectuate service and indicated that no further extensions would be granted.  (See Dkt. 21, Court's Order of May 5, 2025).  Plaintiff now requests that the court authorize service via email, or alternatively, extend his deadline to effectuate service.  (See Dkt. 22, Ex Parte at 7 & 20).  However, plaintiff has not demonstrated diligence in attempting to serve defendants, and thus, the court will not authorize email service.

### **LEGAL STANDARD**

    Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located.[1]  See Fed. R. Civ. P. 4(e)(1).  California law allows service of process to individuals via five basic methods:  (1) physical delivery to the defendant personally, Cal. Civ. Proc. Code § 415.10; (2) delivery to another person at the defendant's usual residence or place of business with mailing after, id. at § 415.20(b); (3) service by mail with acknowledgment of receipt, id. at § 415.30; (4) service on persons outside the state by first-class mail with a return receipt requested, id. at § 415.40; and (5) publication, id. at § 415.50.[2]  See Cisco Sys., Inc. v. Shaitor, 2018 WL 3109398,

---

[1] Service on an individual may also be effected according to Rule 4(e)(2), or according to the law of the state where service is made.  See Fed. R. Civ. P. 4(e)(1).  California law likewise permits service to be made "as prescribed by the law of the place where the person is served."  Cal. Civ. Proc. Code § 413.10(b).

[2] California law further allows for service of process to be made in accordance with certain special statutes not relevant here.  See Judicial Council Comment to Cal. Civ. Proc. Code § 413.10 ("Section 413.10 governs service of process within and outside this state, with one exception: special methods for effectuating service that are authorized by other statutes of this state may be used in appropriate instances."); 3 Witkin, California Procedure § 1064 (6th ed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-0165 FMO (SHKx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Gary S. Hann v. Christopher Compton, et al. | | |

*2 (N.D. Cal. 2019).  In addition to these five methods, "the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."  Cal. Civ. Proc. Code § 413.30.  For example, email may be an appropriate alternative means of service under California law.  See Entrepreneur Media, Inc. v. Casey, 2018 WL 6424515, *2 (C.D. Cal. 2018) (noting that courts have found service by email on domestic defendants to be appropriate under § 413.30); United Health Servs., Inc. v. Meyer, 2013 WL 843698, *1 (N.D. Cal. 2013) ("Courts . . . in California have authorized service by email under [§ 413.30]."); Cisco, 2018 WL 3109398 at *3 ("Courts have construed Section 413.30 as authorizing service by email where email service is reasonably calculated to give actual notice to the party to be served[.]") (internal quotation marks omitted).

**DISCUSSION**

    First, plaintiff has not demonstrated diligence in attempting to serve defendants through other means.  A "party asking for service through email . . . must usually show that the party to be served cannot with reasonable diligence be served in another manner."  Entrepreneur Media, 2018 WL 6424515, at *2 (internal quotation marks omitted); see also Cisco, 2018 WL 3109398, at *4 ("The court first looks to whether the plaintiff demonstrated reasonable diligence in its attempts to serve the defendants.").  "Reasonable diligence means that the plaintiff took those steps a reasonable person who truly desired to give notice would have taken under the circumstances."  Entrepreneur Media, 2018 WL 6424515, at *2 (internal quotation marks omitted).

    Here, plaintiff has not been diligent in his efforts to serve defendants according to Rule 4(e), whether in accordance with California law, see Fed. R. Civ. P. 4(e)(1), or Rule 4(e)(2).  Additionally, plaintiff appears to have identified two physical addresses for defendants, (see Dkt. 22, Ex Parte at ¶¶ 16-17 & 32), but there is no explanation as to why plaintiff has not attempted service at these addresses.  (See, generally, Dkt. 22, Ex Parte).

    Second, at least with respect to one of the email addresses he proposes to use, plaintiff has not shown that it is reasonably calculated to give actual notice to the relevant defendant.  The court may authorize an alternative method of service, such as email, provided the method of service is "reasonably calculated to give actual notice to the party to be served[.]"  Cal. Civ. Proc. Code § 413.30.  Here, it is not clear from plaintiff's description that the email address identified for Christopher Compton ("Mr. Compton") is reasonably calculated to give actual notice to Mr. Compton.  (See Dkt. 22, Ex Parte at ¶¶ 19-21).

    Plaintiff should proceed to effect service according to one of the methods provided by Rule 4(e).  Plaintiff is advised that he may contact the Federal Pro Se Clinic, whose details are listed below, for assistance.

---

2025).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-0165 FMO (SHKx) | Date | May 14, 2025 |
|---|---|---|---|
| Title | Gary S. Hann v. Christopher Compton, et al. | | |

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Ex Parte (**Document No. 22**) is **denied**.

2. Plaintiff shall serve defendants no later than **June 2, 2025**, and shall file proofs of service no later than **June 5, 2025**.

3. Plaintiff is admonished that failure to file proofs of service by the deadline set forth above will result in the action or any unserved defendant being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4(m) & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

4. The Order to Show Cause Re: Dismissal Re: Lack of Prosecution is hereby continued pending compliance with this Order.

\* \* \*

**Notice Re: Pro Se Legal Clinic**

The Los Angeles Federal Pro Se Clinic operates by appointment only. You may schedule an appointment either by calling the Clinic or by submitting an online form. You can call the Clinic at (213) 385-2977, ext. 270 or you can submit an internet request at the following site: https://publiccounsel.org/services/federal-court/application-for-services/.

Clinic staff can respond to many questions with a telephonic appointment or through your email account. It may be more convenient to email your questions or schedule a telephonic appointment. You can also schedule an in-person appointment at the clinic's office in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |