UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY S. HANN, | Case No. ED CV 25-0165 FMO (SHKx) |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| CHRISTOPHER COMPTON, et al., | |
| Defendants. | |

Plaintiff filed his complaint on January 18, 2025. (See Dkt. 1, Complaint). By Order dated April 10, 2025, plaintiff was ordered to show cause, on or before April 17, 2025, why this action should not be dismissed for plaintiff's failure to complete service of the summons and complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure. (See Dkt. 13, Court's Order of April 10, 2025). Plaintiff was admonished that "[f]ailure to file a timely response to th[e] Order to Show Cause shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Local Rule 41).

After the court's initial order to show cause, the court granted plaintiff two extensions of time to effectuate service. (See Dkt. 21, Court's Order of May 5, 2025) (extending service deadline to June 2, 2025); (Dkt. 26, Court's Order of June 16, 2025) (extending service deadline to June 30, 2025). In an order issued on May 14, 2025, the court outlined the rules for service in California, suggested that plaintiff contact the pro se clinic, and noted that "plaintiff appears to have identified

two physical addresses for defendants, but there is no explanation as to why plaintiff has not attempted service at these addresses." (Dkt. 24, Court's Order of May 14, 2025 at 1-2) (citations omitted). The court's most recent order dated June 16, 2025 stated that "[t]he court will give plaintiff one final opportunity to effectuate service. Failure to do so by the deadline set forth below will result in dismissal of the action." (Dkt. 26, Court's Order of June 16, 2025 at 1). As of the filing date of this Order, plaintiff has not filed any proofs of service of the summons and complaint on either defendant. (See, generally, Dkt.).[1]

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388-89 (1962) (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

---

[1] Plaintiff filed a third ex parte application regarding service (see Dkt. 27, Ex Parte Motion for Reconsideration for Alternative Service), which is essentially a second motion for reconsideration and does not present any "material difference in fact or law" from what the court previously considered. See L.R. 7-18. Further, the ex parte appears to request that the court permit service at the two physical addresses plaintiff identified, (see Dkt. 27, Ex Parte Motion for Reconsideration for Alternative Service at 5), despite the fact that the court repeatedly suggested to plaintiff that he proceed with service at these addresses. (See Dkt. 24, Court's Order of May 14, 2025 at 2); (Dkt. 26, Court's Order of June 16, 2025 at 1). Accordingly, the court denies plaintiff's ex parte as moot.

Pursuant to Rules 4(m) and 41(b), the Court's inherent power to achieve the orderly and expeditious disposition of cases, see Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and the factors outlined in Henderson, 779 F.2d at 1423, the court finds that plaintiff's failure to timely effect service and comply with the Court's Order to Show Cause issued on June 16, 2025 (Dkt. 26) warrants dismissal of this action without prejudice.

Based on the foregoing, IT IS ORDERED THAT:

1. Judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.

2. Any pending motion is denied as moot.

Dated this 7th day of July, 2025.

/s/
Fernando M. Olguin
United States District Judge